UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-165-H

SECURITIES AND EXCHANGE                                             PLAINTIFF
COMMISSION,

V.

PATRICK M. CARROLL, et al.,                                                     DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff, the United States Securities and Exchange Commission (the "SEC"), brought this action against eight defendants for alleged violations of Section 10(b) of the Securities Exchange Act of 1934 ("SEA"), 15 U.S.C. § 78j(b), and its accompanying Rule 10b-5, 17 C.F.R. § 240.10b-5. The Complaint alleges insider trading in securities of Louisville-based Steel Technologies, Inc. ("STTX") prior to the February 28, 2007 announcement that Mitsui & Co. (USA) Inc. ("Mitsui") would acquire STTX. Defendants Patrick Carroll, James Carroll, William "Tad" Carroll, David Stitt, David Mark Calcutt, Christopher Calcutt, Stephen Somers, and John Monroe (collectively, "Defendants") filed motions to sever the claims against them pursuant to Fed. R. Civ. P. 20 and 21. All defendants except Stephen Somers and John Monroe filed a joint memorandum in support of their motions. Somers filed a separate brief and Monroe incorporated by reference Somers's brief and the jointly-filed brief.

I.

This Court set out the factual circumstances surrounding these cases in its order denying Defendants' motions to dismiss. To summarize, the SEC alleges each defendant purchased STTX stock after learning the company would soon be acquired. Four defendants, David

Calcutt, Patrick Carroll, Tad Carroll, and David Stitt, were Vice Presidents of Sales at STTX in January 2007. Each officer allegedly learned of the forthcoming acquisition separately and, with the exception of Tad, passed this information to another defendant.[1] Defendants argue the SEC has not alleged any type of conspiracy, their alleged conduct does not constitute the same transaction or occurrence, and no questions of law or fact are common to all Defendants. These deficiencies require the Court to sever the action, they argue, because the claims were improperly joined. In the alternative, Defendants argue even if joinder were proper in the first instance, the Court should use its discretion to sever the claims in the interest of justice. They request the case be severed into four separate cases grouped as follows: (a) David Stitt, John Monroe, and Stephen Somers; (b) David and Christopher Calcutt; (c) Patrick and James Carroll; and (d) Tad Carroll.

II.

A plaintiff may join multiple defendants in a single action if "any right to relief is asserted against them . . . with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The purpose of Rule 20 is to "promote trial convenience and expedite the resolution of disputes." *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000) (citing *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974)), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003). The Federal Rules strongly encourage joinder of parties and "entertaining the broadest possible scope of action consistent with fairness to the parties." *Crutcher v. Kentucky*, 961 F.2d 1576 (Table),

---

[1] The SEC alleges David Calcutt tipped his brother Christopher Calcutt, Patrick Carroll tipped his son James Carroll, and David Stitt tipped his close friend John Monroe, who then tipped his friend Stephen Somers.

1992 WL 98020, at *3 (6th Cir. 1992) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)). However, liberal permissive joinder is not unlimited; the "same transaction" and "common question" requirements circumscribe its scope. *See, e.g.*, *Bridgeport Music, Inc. v. 11C Music*, 202 F.R.D. 229, 231 (M.D. Tenn. 2001) (citing *Mosley*, 497 F.2d at 1333).

Determining whether the Defendants' conduct constituted the same series of transactions for the purpose of Rule 20 joinder is a case-by-case factual analysis. *Mosley*, 497 F.2d at 1333 (citing 7C Wright, *Federal Practice and Procedure* § 1653 at 270 (1972)). The Supreme Court has interpreted the same "transaction or occurrence" language in the context of Rule 13(a) counterclaims to "comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926). Other courts have applied this construction to the Rule 20 context to allow joinder of all logically related claims for relief. *Mosley*, 497 F.2d at 1333; *accord Alexander*, 207 F.3d at 1323; *DIRECTV, Inc. v. Barrett*, 220 F.R.D. 630, 631 (D. Kan. 2004) *and SEC v. Woodruff*, 778 F. Supp. 2d 1073, 1098 (D. Colo. 2011). The Sixth Circuit has not adopted or rejected the "logically related" construction of Rule 20's "same transaction" requirement, but this Court finds persuasive the reasoning that "transaction or occurrence" as used in Rule 20 should have the same meaning as it does in Rule 13. Thus, the Court will not require "absolute identity of all events," but instead will determine if the alleged facts are so logically related as to comprise the same series of transactions. *Mosley*, 497 F.3d at 1333.

The SEC's claims against the Defendants are logically related in that they all allege trading on the same inside information: the forthcoming acquisition of STTX. *See Woodruff*,

3

778 F. Supp. 2d at 1098 (finding events were logically related when they arose out of corporation's financial performance and reporting over two-year period). Defendants allegedly took the same action – purchasing STTX securities – based on the same information. That the SEC alleges each defendant learned about the acquisition at different times, potentially from different sources, does not preclude permissive joinder. *SEC v. Acord*, No. 09-21977-CIV-JORDAN, slip. op. at 2 (S.D. Fla. May 5, 2010) (denying motion to sever where defendants made independent stock purchases after learning of pending acquisition of corporation from different sources).

Rule 20 also requires the dispute to raise an issue of fact or law common to the joined defendants. However, not all questions of fact and law need be common. *Alexander*, 207 F.3d at 1303. As with the SEC actions in *Woodruff* and *Acord*, the SEC's allegations here raise at least one common issue of law. The SEC alleges the same cause of action against each defendant, raising common legal issues of how the SEC may prove elements of the claim, such as materiality and scienter. *Woodruff*, 778 F. Supp. 2d at 1098. In *Acord*, the most factually analogous case cited in the parties' briefs, determining whether information was material and nonpublic was a common question of law, even though the SEC was proceeding under different theories of insider trader liability. No. 09-21977-CIV-JORDAN, slip. op. at 3 (denying severance where SEC alleged misappropriation theory against some defendants and classic theory against other defendants). Here, the SEC pleads a classic insider trading theory against all Defendants, either as principals or tippees, giving the legal questions even closer identity than in *Acord*.

The Court concludes the Defendants were properly joined because the SEC's pleadings

4

meet both Rule 20(a) requirements.  Even if joinder was appropriate, the Court declines to exercise its discretion to sever the Complaint.  Defendants have not shown at this stage in the litigation that any party will be unduly prejudiced by the matter proceeding as one case.  As of now, joinder of the parties serves the interest of judicial economy.  As the case moves towards trial, the Court will have at its disposal procedural controls – from jury instructions to severance – to address potential prejudices.  *See* 7 Charles Alan Wright, et al., *Federal Practice and Procedure* § 1660 ("general philosophy of the joinder provisions . . . is to allow virtually unlimited joinder at the pleading stage but to give the district court discretion to shape the trial to the necessities of the particular case").

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motions to sever the case are DENIED.  The Court will consider David and Christopher Calcutt's motion to dismiss for improper venue in a separate memorandum opinion and order.

cc: Counsel of Record