UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:11-CV-165-JGH

SECURITIES AND EXCHANGE COMMISSION                                      PLAINTIFF

v.

STEPHEN P. SOMERS, *et al.*                                              DEFENDANTS

**MEMORANDUM ORDER AND OPINION**

Plaintiff, the Securities and Exchange Commission, filed this civil enforcement action against Defendant, Stephen Somers, and others in March 2011. The SEC alleged that Somers engaged in insider trading of Steel Technologies, Inc. securities in violation of federal law. All other defendants settled, and the Court entered final judgments in accordance with those settlement agreements.

Somers did not concede so easily. His attorneys mounted a vigorous and virtuous defense. On the eve of trial, however, Somers did sign an agreement (the "Consent") to resolve the SEC's claims against him by the entry of a final judgment requiring him to pay disgorgement, prejudgment interest, and a civil penalty. The SEC gave up its right to a trial, did not require Somers to admit liability, did not to seek an injunction against Somers, and did not seek the full civil penalty allowed by the law. The Commission had to approve the Consent, so the Court did not immediately enter a final judgment.

On December 10, 2014, before the Commission approved the Consent, the Second Circuit issued its decision in *United States v. Newman*, 773 F.3d 438 (2d Cir. 2014), a criminal insider trading case. That court held that the SEC must establish more than the "mere fact of friendship" between people sharing inside information to satisfy the benefit element in criminal

insider trading cases; instead, the SEC must prove that the tipper must receive something of "consequence." *Id.* at 452. Somers argues that this case represents a big shift in the Second Circuit's insider trading jurisprudence and notes that the SEC has requested en banc review.

After the decision, Somers wrote the SEC to request that it drop this case because the SEC has relied on the fact that the alleged tippers and tippees were friends. The SEC declined. Somers also requested a telephonic conference with this Court and stated that he would not object if this court dismissed the case against him sua sponte. This Court declined. Somers never revoked his settlement offer, perhaps hoping that the SEC would not approve the Consent in light of the Second Circuit's decision. He was wrong.

On January 8, 2015, the Commission accepted and approved the terms of the Consent. The SEC moved to approve the final judgment on the same day. Now, Somers requests this Court to refrain from consideration of the SEC's motion until there has been a final judgment in *Newman*. For the reasons that follow, the Court denies Somers's request, sustains the SEC's motion, and will enter the final judgment as agreed by the parties.

I.

Contract law governs settlement agreements. *See Frear v. P.T.A. Indus., Inc.*, 103 S.W.3d 99, 105 (Ky. 2003). So when a settlement agreement has all the elements of a contract— offer, acceptance, full and complete terms, and consideration—it is binding on the parties. *See Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 384 (Ky. App. 2002). When a settlement agreement is a contract, "each party should receive the benefit of his bargain, and the contract's terms must necessarily be interpreted in light of the parties' reasonable expectations and understanding of what the agreement means." *Commonwealth v. Morseman*, 379 S.W.3d 144, 149 (Ky. 2012) (citations and quotations omitted).

Here, the SEC and Somers entered into a settlement agreement, the Consent, which satisfied all of the elements of a contract. When Somers and his attorney signed the Consent on November 6, they made an *offer* to the SEC. Somers had ample opportunity to revoke this offer after *Newman*, but he chose not to. Revocation would have been risky; had he backed out of the Consent and lost at trial, a judgment against him could have significantly impacted his career. So he took a different risk: the risk that the Commission would accept the Consent. This came to fruition on January 8; the SEC *accepted* Somers's offer when it approved the settlement. The Consent has *full and complete terms*, including a provision where "Somers agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice." (DN 230-1, at PageID # 2986.) And the Consent is supported by *consideration*; both parties gave up something and received a benefit by agreeing to settle this case. Because the SEC and Somers were parties to a binding contract on January 8, each should receive the benefit of its bargain. The Court must honor the parties' reasonable expectations as reflected in the terms of the Consent by entering the final judgment.

## II.

Even assuming the settlement agreement did not require the Court to enter its final judgment, there is no reason to delay. *Newman* could take months to finally resolve, even if (1) the Second Circuit declines en banc review and (2) the United States does not seek Supreme Court review. And even then, it would not be binding on this Court. The possibility that, in the next year or so, (1) the SEC will petition for a writ of certioriari in *Newman*, (2) the Supreme Court will agree to hear the case, (3) the Supreme Court will affirm the new benefit standard, (4) the decision will apply to civil cases, and (5) the SEC will not be able to satisfy the new standard

3

in this case does not justify a lengthy stay. No cases would ever be finally resolved if the mere possibility of a future change in the law warranted prolonged delay.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's motion for entry of final judgment against Defendant Stephen Somers is SUSTAINED. The Court will enter the final judgment as agreed by the parties.

cc: Counsel of Record